[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13464
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-22086-JAL


TIMOTHY WALLACE,

Plaintiff-Appellant,

versus

SHERIFF, et al.,

Defendants,

CHRIS STROMBERG,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 24, 2013)

Before DUBINA, Chief Judge, WILSON and FAY, Circuit Judges.

PER CURIAM:

Appellant Timothy Wallace, a prisoner of the state of Florida, proceeding *pro se*, appeals the district court's denial of his motion for the appointment of counsel and its grant of summary judgment on his Eighth Amendment, deliberate-indifference claim brought under 42 U.S.C. § 1983. Wallace filed a *pro se* civil rights complaint, alleging that defendants Christine Stromberg, a nurse at the Indian River County Jail ("Jail"), and Deryl Loar, the Indian River County sheriff, were deliberately indifferent to his serious medical needs. The court dismissed all claims against Sheriff Loar under 28 U.S.C. § 1915(e),[1] but permitted the claims against Stromberg to proceed.

## I. *Deliberate Indifference*

On appeal, Wallace argues that the evidence before the district court was sufficient to raise a genuine issue of material fact. He contends that Stromberg was deliberately indifferent to his needs in refusing his request to see more than two doctors regarding his back pain and in prematurely removing his walker.

We review *de novo* a district court's grant of a motion for summary judgment, viewing all evidence and reasonable factual inferences in the light most

---

[1] Wallace has abandoned all objections to the district court's dismissal of his claims against Loar because he fails to mention them in his appellate brief. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (issues not briefed on appeal are considered abandoned).

2

favorable to the nonmoving party. *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1060 (11th Cir. 1994). Summary judgment is appropriate when the evidence presents no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Genuine disputes exist where there is sufficient evidence for a reasonable jury to return a verdict for the non-movant. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Under § 1983, individuals may sue state and local officers for violations of their constitutional rights. 42 U.S.C. § 1983. Deliberate indifference to a prisoner's serious medical needs constitutes a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-105, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976).

To establish that the official acted with deliberate indifference, the plaintiff must demonstrate that the official knew of a risk of serious harm, disregarded that risk, and acted in a manner more egregious than gross negligence. *Goebert v. Lee County*, 510 F.3d 1312, 1326-27 (11th Cir. 2007). A "doctor's decision to take an easier and less efficacious course of treatment" may constitute deliberate indifference; however, a mere difference of opinion between the doctor and a prisoner as to the proper diagnosis or course of treatment will not. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). Additionally, where an inmate's

3

health complaints received significant medical attention, we are reluctant to second guess the medical judgments of those who provided the care. *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (1st Cir. 1981) (for proposition).

We conclude from the record that Wallace failed to show that Stromberg displayed deliberate indifference toward his medical needs. The undisputed facts demonstrate that: (1) Wallace was urged to visit the medical unit at the Jail to address his pain; (2) nurses applied ice packs to his back; (3) he was provided with a wheelchair and later a walker; (4) he was promptly seen by Dr. Sullivan, who performed an X-ray and provided pain medication; (5) Stromberg arranged for Wallace to see a neurological specialist; and (6) Wallace was permitted to remain in the medical unit, where he was cared for, until he left the Jail.

Wallace's dissatisfaction with Stromberg's decision to remove his walker is not evidence of deliberate indifference to his medical needs, especially when her reason to remove the walker was because no doctor had prescribed its use. *See Hamm*, 774 F.2d at 1575. Furthermore, his mere disagreement with Dr. Husainy's diagnosis and Stromberg's actions consistent therewith is insufficient to demonstrate deliberate indifference. *See Waldrop*, 871 F.2d at 1033. In short, Wallace's complained-of back pain clearly received a substantial amount of

4

medical attention.  Therefore, we conclude the district court did not err in granting summary judgment in favor of Stromberg, and we affirm its judgment.

## II. *Appointment of Counsel*

Wallace argues that the magistrate judge abused his discretion in failing to appoint counsel, under 28 U.S.C. § 1915(e).  Wallace claims that he deserved appointed counsel because he: (1) was an indigent litigant without money to hire an attorney; (2) was a layman with limited knowledge of the law; (3) was an imprisoned inmate with limited ability to litigate his claim; (4) had issues in the case that were complex; (5) had limited access to a law library; (6) had limited knowledge of how to file for discovery materials; and (7) was unable to depose witnesses.

We review a court's denial of appointment of counsel for abuse of discretion.  *See Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999) (finding no abuse of discretion in the district court's refusal to appoint counsel to an inmate bringing a deliberate-indifference claim).  Appointment of counsel in a civil case "is a privilege justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

We conclude from the record that the magistrate judge  did not abuse its discretion in denying Wallace's request for appointment of counsel.  Though the

5

magistrate judge determined that Wallace stated a claim sufficient to survive preliminary dismissal, that, alone, is not an exceptional circumstance.  Wallace's claims were fairly straightforward and did not present complex or novel issues. *See Fowler*, 899 F.2d at 1096; *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (holding that an inmate's Eighth Amendment legal claims were straightforward and that the district court did not abuse its discretion by refusing to appoint counsel).  Finally, Wallace demonstrated his ability to represent himself during the 16 months prior to his request for counsel.

For the aforementioned reasons, we affirm the district court's grant of summary judgment in favor of Stromberg and the district court's order denying Wallace's motion for appointment of counsel.

**AFFIRMED.**